UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

COREY DEMARION MCCULLOUGH,

        Petitioner,                Case No. 2:10-cv-86

v.                                       Honorable R. Allan Edgar

GREG MCQUIGGIN,

        Respondent.
_____/

**MEMORANDUM AND ORDER**

On April 10, 2013, U.S. Magistrate Judge Greeley entered a Report and Recommendation ("R&R") recommending that Petitioner's habeas petition be dismissed with prejudice. Doc. No. 51. Petitioner has filed objections to the R&R. Doc. No. 52. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In his objections, Petitioner states the following:

> This Court should reject the R&R and grant the relief sought in this case due to the infirmity of the conviction based on the trial Court improperly removing a deliberating juror, the lone hold-out for acquittal, without inquiry of that juror on allegations of her failure to participate, especially in light of evidence that the juror had articulated reasons, based on defense witnesses and argument, for her views.
>
> Petitioner Corey McCullough urges this Court to follow the well stated and factually supported rationale of Judge Helene White in her dissenting [Michigan Court of Appeals] opinion. That opinion deals with important factual issues that were either

> ignored by the Michigan Court of Appeals and/or by the Magistrate, to wit: there is nothing in the record to support the claim that the juror refused to participate in the process, there is nothing in the record supporting the claim that the juror wanted to be replaced, there is nothing in the record to support the conjecture that the juror requested an alternate to replace her and most importantly, that the trial court knew this juror was the lone holdout.

Doc. No. 52, p. ID 386 (internal footnote omitted).

Petitioner argues that his habeas petition should be granted because the trial court improperly removed a deliberating juror. Petitioner asserts that the juror had called in sick for the day, but had not indicated that she would no longer serve as a juror. He further asserts that the trial court improperly failed to question the juror before replacing her. Finally, Petitioner asserts that Magistrate Judge Greeley failed to address the issue that the trial court was aware that the juror was the lone hold-out in the deliberations who refused to convict Petitioner. Petitioner quotes extensively from the dissenting opinion of Judge Helene White, a Sixth Circuit Judge who was on the Michigan Court of Appeals panel, in support of his arguments.

In addressing the issue of the replacement of juror 13, Magistrate Judge Greeley quoted from the Michigan Court of Appeals opinion, which found that the trial court had not abused its discretion in replacing juror 13. Magistrate Judge Greeley further addressed the issue that juror 13 was the lone hold-out juror, stating the following:

> It is clear that the [Michigan Court of Appeals'] dissenting opinion is based upon the fact that Juror 13 was the lone hold out juror. However, that fact alone cannot be the basis for determining whether the trial court erred in dismissing the juror. It is clear that the trial court had the authority to remove the juror and nothing in the record supports the conclusion that the removal was based upon the juror's view of the evidence in the case.

2

Doc. No. 51, pp. ID 371-72. Magistrate Judge Greeley concluded by stating the following:

> Petitioner has failed to show that his constitutional rights were violated by the removal of Juror 13. This court cannot grant a habeas petition when the lower court's ruling is reasonable based upon Supreme Court law and the facts of the case, even if another outcome might arguably be considered reasonable. Accordingly, it is the opinion of the undersigned that the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

*Id.*, p. ID 372.

This Court agrees with Magistrate Judge Greeley's analysis of this issue. This Court has reviewed the record, and finds that it was not an unreasonable determination of the facts for the Michigan Court of Appeals to conclude: that the trial court had not removed a willing juror; and that it was not an abuse of discretion for the trial court to replace the juror without questioning her. After reviewing the record, the Court further agrees with Magistrate Judge Greeley's finding that nothing in the record supports the conclusion that the removal was based upon the juror's view of the evidence in the case.

Petitioner's objections to the R&R [Doc. No. 52] are without merit and are DENIED. Magistrate Judge Greeley's R&R [Doc. No. 51] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b). The petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DENIED and DISMISSED WITH PREJUDICE.

If Petitioner files a notice of appeal, it will be treated as an application for a certificate of appealability which shall be DENIED pursuant to 28 U.S.C. § 2253(c)(2); Fed. R. App.

P. 22(b)(1); and *Slack*, 529 U.S. at 484. Reasonable jurists could not find that this decision to dismiss Petitioner's claims is debatable or wrong.

    A Judgment consistent with this Memorandum and Order will be entered.

    SO ORDERED.


Dated:  9/25/2013           */s/ R. Allan Edgar*
                                              R. Allan Edgar
                                              United States District Judge